UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DELREAL, III, | Case No.: 3:14-CV-00776-L-RBB |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RON DAVIS, | |
| Respondent. | |

Nicholas DelReal ("Petitioner"), a state prisoner, filed a petition for a writ of habeas corpus under 22 U.S.C. § 2254 challenging his conviction and sentence of 11 years for transportation of a controlled substance, possession of a controlled substance for sale, possession of 28.5 grams or more of methamphetamine for sale, possession of a short-barreled shotgun, felony possession of a firearm, and possession of oxycodone. On June 4, 2015, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation recommending dismissal of Petitioner's 22 U.S.C. § 2254 claims. (See R&R [Doc. 10].) Petitioner objects[1] to the Report and Recommendation. (See Objections [Doc. 19].) In

---

[1] Petitioner initially failed to timely object to the Report and Recommendation. However, the present objection is timely in light of the Court's Sept. 3, 2015 Order [Doc. 18] granting Petitioner's motion to set aside judgment.

1

reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  For the reasons stated below, the Court overrules Petitioner's objections and adopts the Report and Recommendation.

## I.  FACTUAL BACKGROUND

After reviewing the Report and Recommendation, the Court finds its factual background section to be a comprehensive and accurate reflection of the underlying record.  Accordingly, the Court adopts it as its own.  (See R&R 2–9.)

## II.  LEGAL STANDARD

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

//
//
//

### III. MOTION TO SUPPRESS

Petitioner objects that the Report and Recommendation is erroneous inasmuch as it found the state court did not commit constitutional error in denying his motion to suppress the evidence obtained from the search of his vehicle. More specifically, Petitioner contends that the state court record shows the inventory search exception to the warrant requirement cannot justify the search because Petitioner's vehicle was not actually impounded.

Petitioner's argument is inappropriate for consideration on federal habeas review. In *Stone v. Powell*, 428 U.S. 465, 482 (1976), the Supreme Court stated that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.*

Petitioner argues *Stone* is not fatal to his claim because the state court allegedly relied on incorrect facts in denying his motion to suppress. The problem with this argument is that it focuses on the outcome of Petitioner's Motion to Suppress rather than on whether he had a full and fair opportunity to litigate it. Put differently, if the state court gave Petitioner a full and fair opportunity to litigate his claim, this Court cannot disturb the state court's ruling, even if that ruling was erroneous. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."). The Report and Recommendation was correct to conclude Petitioner, aided by counsel, had a full and fair opportunity to litigate his motion to suppress where (1) the Superior Court considered it at a preliminary hearing; (2) the Superior Court held a hearing on a renewed motion, accompanied by extensive oral argument; and (3) the Court of Appeals affirmed and devoted five pages of its opinion to consideration of the reasonableness of the search. Because the state court thus

provided a full and fair opportunity for Petitioner to litigate his Fourth Amendment claim, this Court cannot disturb its ruling.

### IV. SUBSTITUTION OF COUNSEL

Petitioner objects to the Report and Recommendation's finding that the trial court's denial of his motion to substitute counsel did not offend his Sixth Amendment right to retain the counsel of his choice. The Sixth Amendment right to counsel of choice is not an unqualified right. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151–52 (2006). Rather, "a trial court [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *Id.* (internal citations omitted). Thus, a judge may properly deny a motion to substitute a retained attorney where doing so serves "purposes inherent in the fair, efficient and orderly administration of justice." *United States v. Ensign*, 491 F.3d 1109, 1115 (9th Cir. 2007).

Applying this standard, the Report and Recommendation concluded that the state court's denial of Petitioner's motion to substitute was not objectively unreasonable because (1) Petitioner waited until the day of trial to bring the motion; (2) Petitioner had been arraigned two years earlier; (3) trial had already been continued several times; (4) the trial court judge concluded, based on representations from the retained attorney Petitioner sought to replace, that it might take as long as six months for the new attorney to adequately prepare for trial; and (5) Petitioner failed to provide a non-conclusory explanation as to how his relationship with his retained attorney had become "untenable." (R&R 17–20.) Petitioner advances two objections to this conclusion.

First, Petitioner disputes Judge Danielson's finding that it might take up to six months for attorney Pasto to prepare for trial. The gist of Petitioner's argument is that Judge Danielson's time estimate must have been erroneous because (1) the previously retained attorney ("Rodriguez") never gave a specific time estimate as to how long it would take the newly retained attorney ("Pasto") to prepare, and (2) Rodriquez offered to help Pasto get up to speed as soon as possible.

The Court does not find this argument persuasive.  At a hearing on the motion, Pasto represented that he was not ready for trial and Rodriguez stated that representing DelReal would require Pasto to familiarize himself with a lot of pretrial motion work and involve presenting a significant amount of evidence on Petitioner's behalf as opposed to simply responding to the D.A.'s evidence.  (Lod. 1 Vol. 2.)  Rodriguez further stated that "in my view of the case and what I know about it, I don't feel it's something you can pick up and try as if it was a DUI or something of that nature."  (Id. 43:26–29.)  Given this testimony, the Court finds that Judge Danielsen's conclusion that it could take up to six months for Pasto to adequately prepare was not objectively unreasonable.

Next, Petitioner argues that Judge Danielsen's stated concern regarding undue delay is belied by the fact that Judge Hernandez subsequently granted Petitioner a six day continuance so that Rodriguez could prepare for trial.  This argument is a non sequitur. From the fact that the Judge Hernandez felt a *six day* continuance would not cause undue delay, it simply does not follow that Judge Danielson did not believe a continuance of up to *six months* would cause undue delay.

## V. CONCLUSION AND ORDER

For the foregoing reasons the Court overrules Petitioner's objections, adopts Magistrate Judge Brooks' Report and Recommendation, and **DENIES** the Petition with prejudice.  Certificate of appealability is denied.

Dated:  October 26, 2016

_____
Hon. M. James Lorenz
United States District Judge